UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

N. L-C., individually and on behalf of her child
M. L-C, a minor,

                              Plaintiff,

        – against –

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                              Defendant.

OPINION & ORDER

20 Civ. 8243 (ER)

        N. L-C., the mother of M. L-C, a minor with a disability, brings this action pursuant to

the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, to secure attorneys'

fees following an Impartial Hearing Officer's ("IHO") decision in her favor.  For the reasons set

forth below, the motion is GRANTED, subject to the modifications described herein.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### a.  Underlying Administrative Proceeding

        On March 7, 2017, N. L-C. filed a complaint requesting an administrative due process

hearing against the New York City Department of Education ("DOE").  Doc. 40 at 2.  N. L-C.

sought tuition reimbursement and other relief based on the DOE's failure to provide M. L-C.

with a free appropriate public education ("FAPE") for the 2016-17 school year.  *Id.*

        In October 2017, after two days of administrative due process hearings, the IHO, Amy

Lynne Itzla, Esq., ruled in favor of N. L-C., finding that (1) the DOE failed to offer a FAPE to

M. L-C. for the 2016-17 school year, (2) N. L-C. proved that the York Preparatory School was

an appropriate school for M. L-C., and (3) there were no equitable considerations that would

reduce the award of full reimbursement for M. L-C.'s tuition at York.  *Id.*  The DOE was

directed to reimburse N. L-C. for the full cost of tuition and fees for the 2016-17 school year in the amount of $44,187.75.  *Id.*

In November 2017, N. L-C. sent the DOE a request for attorneys' fees and expenses incurred in connection with the administrative proceeding pursuant to the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3).[1]  *Id.* at 2–3.

### b.  Action to Recover Attorneys' Fees in Federal Court

On October 4, 2020, N. L-C. filed this action to compel the DOE to pay the fees.  *See* Doc. 1.  The DOE did not file its answer until April 20, 2021.[2]  *See* Doc. 24.  On June 21, 2021, N. L-C. filed the instant motion for attorneys' fees and costs.  Doc. 39 at 1.  The DOE does not dispute that N. L-C—the prevailing party in the administrative proceedings—is entitled to attorneys' fees.  However, the DOE argues that the rate sought and the number of hours billed are unreasonable.  *See* Doc. 47.

## II. LEGAL STANDARD

"In any action or proceeding brought under [§ 1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I).   "A plaintiff prevails when actual relief on the merits of [their] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  *K.L. v.*

---

[1] The DOE never responded with an offer of fees to this request for attorneys' fees, causing N. L-C. to file this suit three years later.  *See* Doc. 40 at 3.

[2] On April 5, 2021, the Court noted that the DOE had not yet responded to the Complaint and ordered Plaintiffs to submit a status report by April 19, 2021.  Doc. 40 at 3.  On April 19, 2021, Plaintiffs complied with the order and submitted a status report as well as a proposed default judgment and a Statement of Damages with supporting documentation.  *Id.*

*Warwick Valley Cent. Sch. Dist.*, 584 Fed. App'x 17, 18 (2d Cir. 2014) (internal citation and quotation marks omitted).

"Reasonable attorneys' fees under the IDEA are calculated using the lodestar method, whereby an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Streck v. Bd. of Educ.,* 408 Fed. App'x 411, 415–16 (2d Cir. 2010).  In determining whether an hourly rate is reasonable, courts primarily consider the prevailing market rates in the community for comparable legal services. *See* § 1415(i)(3)(C) (providing that attorneys' fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished").  The prevailing market rate has been characterized as "the rate a paying client would be willing to pay . . .  bearing in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Ortiz v. City of New York*, 843 Fed. App'x 355, 359 (2d Cir. 2021) (internal citation and quotation marks omitted).  Courts also consider the twelve factors discussed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019).  Because "the determination of fees should not result in a second major litigation," *Fox v. Vice*, 563 U.S. 826, 838 (2011), courts may consider the *Johnson* factors holistically rather than applying each factor individually to the facts

of the case.  *V.W. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 2376 (RA)*, 2022 WL 37052 at *3 (internal citation omitted).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expanded and hourly rates."  *Henlsey v. Eckerhart*, 461 U.S. 424, 437 (1983).  The Second Circuit has observed that "[r]ecycling rates awarded in prior cases without considering whether they continue to prevail may create disparity between compensation available under [§ 1415] and compensation available in the marketplace," which would "undermine[] [the statute's] central purpose of attracting competent counsel to public interest litigation."  *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005).  Accordingly, while a court may consider rates awarded in prior similar cases and its "familiarity with the rates prevailing in the district.," it should also "evaluate[e] . . . [the] evidence proffered by the parties."  *Id.*

## III.  DISCUSSION

### a.  Fee Amount

N. L-C. seeks a total of $53,938.25 in attorneys' fees and costs.  Doc. 49 at 9.  N. L-C. requests an hourly rate of $500 for each of the three senior attorneys, Irina Roller, Benjamin Hinerfeld, and Mary Jo Whateley.  Doc. 40 at 7–8, 15.  N. L-C. also requests an hourly rate of $185 for paralegal Maria Mandilas.  Doc. 49 at 9, n.16.  The DOE argues that these rates are excessive and that the rate for the senior attorneys should be $360 and that the rate for the paralegal should be no more than $100-$125.  Doc. 47 at 15–16.

"The prevailing market rate for experienced, special-education attorneys in the New York area *circa* 2018 [was] between $350 and $475 per hour."  *R.G. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 6851 (VEC), 2019 WL 4735050, at *2 (S.D.N.Y Sept. 26, 2019) (awarding $350 rates to senior attorneys who have practiced IDEA law since 2005).  Judges in this district have

also recognized that the passage of time may justify somewhat higher rates for the same type of work performed by the same senior attorneys.  *See, e.g.*, *M.H. v. N.Y.C. Dep't of Educ.,* No. 20 Civ. 1923 (LJL), 2021 WL 4804031, at *12 (S.D.N.Y. Oct. 13, 2021) ("The Court may consider the passage of time, [and] the increase in fees that may come with such passage of time."); *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17 Civ. 7632 (PAE), 2018 WL 3769972, at *6 (S.D.N.Y. Aug. 9, 2018).  And, paralegals, depending on skills and experience, have generally received between $100 and $125 per hour in IDEA cases in this district.  *R.G.*, 2019 WL 4735050 at *3 (collecting cases).

 Courts in this district have recently awarded these same three senior attorneys hourly rates ranging from $350 to $425 for similar IDEA actions.  *See, e.g.*, *I.O., v. N.Y.C. Dep't of Educ.,* No. 20 Civ. 5061 (PAC), 2021 WL 2701449 at *1 (S.D.N.Y. June 29, 2021) (awarding Roller, Hinerfeld, and Whately $425 and $150 to Maria Mandilas, paralegal), *relying on G.T. v. N.Y.C. Dep't of Educ.,* No. 18 Civ. 11262 (GDM) (BCM), 2020 WL 1516403 at * 11 (S.D.N.Y Feb. 12, 2020) (awarding Roller an hourly rate of $375 in 2015 and $400 in 2018-19); *See also A.D. v. N.Y.C. Dep't of Educ.,* No. 18 Civ. 3347 (VEC), 2019 WL 1292432 at *3 (S.D.N.Y March 21, 2019) (awarding Hinerfeld $350).

Irina Roller and Benjamin Hinerfeld are highly experienced special education law attorneys, and Mary Jo Whately has over twenty years of experience in disability and civil rights law.  *See* Docs. 21, 42.  Ms. Roller received her law degree in 1999 and has fifteen years of experience in the field.  Doc. 21 at 5.  Ms. Roller is the founder and owner of Law Offices of Irina Roller, PLLC; she founded the firm in 2004 and, since 2007, has dedicated her practice to representing parents of children with disabilities.  *Id.*  Ms. Roller has litigated hundreds of cases involving special education placement and services.  *Id.*  Her customary hourly rate is $575.  *Id.*

Benjamin Hinerfeld received his law degree in 1996 and has been representing clients in Pennsylvania and New York in all aspects of educational law since 2013.[3]  Doc. 42 at 2–4.  Mr. Hinerfeld is the founder and principal of his own firm and has worked as counsel for Ms. Roller's firm since March 2020.  *Id.* at 1.  He has been approved for hourly rates as high as $725, but his current rate for fee-paying and contingency clients in New York is $500 per hour.  *Id.* at 5.

Additionally, Mary Jo Whateley has extensive experience in special education law.  *See* Doc. 40 at 15–16.  Ms. Whateley graduated from Pace Law School in 1995 and is licensed in New York, New Jersey and three federal jurisdictions.  Doc. 21-6 at 2.  While she has only worked for the Law Offices of Irina Roller, PLLC since 2020, she has practiced disability and civil rights law since 1995 and she has represented children her entire career.  *Id.*

In addition to detailing the experience, credentials, and typical hourly rates of each of the three senior attorneys, N. L-C. also submits declarations from Gary Mayerson, senior member of the special education bar, and Caren Abramovich, an attorney and a mother of a child with disabilities who has retained Irina Roller in the past.  *See* Docs. 43; 21-7 (Abramovich paying $500 for the 2017-18 school year).  As Mayerson writes, based on his knowledge of special education law billing practices in New York, "Ms. Roller's requested rate of $500 is well within the accepted market rate in the New York metropolitan area for attorneys of her experience and evident expertise."  Doc. 43 at 4.

In opposition, the DOE cites to various similar IDEA cases where courts in this district have awarded fees from $250 to $400, and argues the awards requested here "substantially

---

[3] Mr. Hinerfield also litigated several IDEA cases on behalf of children with disabilities in 2008 and 2009, while he was a securities associate, as part of his *pro bono* practice with the Public Interest Law Center in Philadelphia, Pennsylvania.  Doc. 42 at 3.

exceed" prevailing rates for IDEA cases.  *See* Doc. 47 at 11.  The DOE argues that the high rates are not appropriate in this case because the "DOE did not offer witnesses, objections or even opening or closing statements."  *Id* at 13.  Additionally, the DOE argues that the requested rates should be reduced as it "set forth little or no opposition to the relief sought" and, as a result, the hearing was straightforward and required "minimal" skill.  *Id.* at 20.  The DOE argues the hearing, here, was "at most a run-of-the-mill case" and did not involve novel or difficult questions or unusual skill.  *Id.* at 22.  As the DOE explains, this case involved one due process complaint, a brief conference, and a four-hour hearing.  *Id.*

But, as N. L.-C. notes in response, while the DOE ultimately did not put forth an affirmative case, the DOE did not inform N. L-C's counsel of this until the day of the hearing. Doc. 49 at 7.  Because of this, N. L-C's counsel prepared for the hearing in full anticipation of an opposition case from the DOE.  *Id.*  In addition, Ms. Roller "not only had to prepare for the DOE's presentation of a case-in-chief, but she still had to meet Plaintiff's burdens of proof on the second and third prongs of the *Burlington/Carter*[4] analysis, which the DOE did *not* concede." *Id.*  Thus, N. L.-C. argues, the hearing was far less "straightforward" than the DOE suggests.  *Id.*

Consideration of the 12 *Johnson* factors compels the Court to settle on a fee award in between both parties' requests.  Several of the *Johnson* factors weigh in N. L-C.'s favor.  Ms. Roller and her firm were successful and there is no question that the attorneys have significant experience and well-established reputations in special education litigation.  And, while the hearing turned out to be uncontested, Ms. Roller and her firm nonetheless spent a good deal of time preparing in anticipation of opposition from the DOE, and were precluded from taking on

---

[4] The three prongs of the *Burlington/Carter* test are (1) proving the Defendant failed to offer a FAPE to plaintiff; (2) proving the school plaintiff is enrolled in is an appropriate school placement; (3) proving there were no equitable considerations that would reduce the award of full tuition reimbursement to Plaintiff. *See* Doc. 40 at 2.

other cases as a result.  Doc. 40 at 11.  All three attorneys have earned rates up to $425 in the

past; and courts in this district generally have awarded between $350 and $475 hourly rates for

special education attorneys.  *See id.*

Still, although N. L-C.'s counsel had to prepare for a presumptively contested case, it

does not appear that this case presented any novel issues.  *See* Doc. 47 at 25 (comparing the

Complaint here to previous complaints from Ms. Roller's firm and finding them similar).  When

asked if the complaints in question were similar, Ms. Roller responded "[b]y way of allegations

yes," and "[i]t's similar," regarding the formatting.  Doc. 48-2 at 28.

Balancing these attorneys' significant experience, previously-awarded rates, and the

relative lack of complexity in this case, the Court finds that an award of $400 for each of the

senior attorneys is appropriate.  *See V.W.,* 2022 WL 37052 at *5 (awarding $400 to experienced

attorneys in an IDEA case with an uncontested due process hearing); *cf. M.H.,* 2021 WL

4804031, at *13 (awarding $420 to a more complex IDEA case.).

Finally, the Court finds that a rate of $125 per hour is appropriate for Maria Mandilas, the

paralegal.  Ms. Mandilas has more than a dozen years of experience as a litigation paralegal and

office manager.  Doc. 40 at 16.  As other courts in this district have found, hourly rates between

$100 and $125 are appropriate for paralegals assisting on IDEA cases.  *See R.G.,* 2019 WL

4735050, at *3; *V.W.,* 2022 WL 37052 at *6 (awarding $100 to a paralegal with relatively little

experience, but $125 to paralegals with over ten and twenty years of relevant experience.).  As

Ms. Mandilas has over ten years of paralegal experience, the Court finds that a rate of $125 is

appropriate.

### b.  Hours Billed

The DOE alleges that the hours billed by plaintiff's counsel demonstrate a failure to exercise billing judgment and are unsupported by the record.  Doc. 47 at 23.  Counsel billed 55 hours in the administrative action and 64.4 hours in the federal action.  *See id* at 24.  Of the 55 hours billed in the administrative action, 48 of those were spent in preparation for the hearing. *Id.*  The DOE argues that 48 hours of preparation for an uncontested hearing is excessive.  *Id.* However, N. L-C. counters that they made reasonable efforts to minimize additional billing while still offering adequate legal help and they were never told that the hearing would be uncontested.  *See* Doc. 49.  As stated above Ms. Roller explains, she "did not know *until the first day of hearing* that the DOE would concede it had denied M. L-C. a FAPE . . . ."  Doc. 49 at 7.

"Rather than engage in a painstaking line-item review of each billing entry, in calculating an appropriate reduction of compensable hours '[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.'"  *M.D. v. N.Y.C. Dep't of Educ.,* No. 17 Civ. 2417 (JMF), 2018 WL 4386086, at *4 (S.D.N.Y Sept. 14, 2018) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)).  Courts in this district have applied this strategy numerous times, reducing excessive fees by twenty to fifty percent.  *See, e.g.*, *V.W.,* 2022 WL 37052 at *6 (reducing 86.86 hours spent in a relatively uncomplex administrative action by twenty percent; *See also J.R. v. N.Y.C. Dep't of Educ.,* No. 19 Civ. 11783 (RA), 2021 WL 3406370, at *4–5 (S.D.N.Y. Aug. 4, 2021) (reducing 85.8 hours billed in a comparable administrative action by twenty percent).  The 55 hours billed in the administrative action here are well under the reductions imposed by courts in this district in similar cases.  Therefore, the Court finds the 55 hours billed in the administrative proceeding reasonable.

The DOE argues that the 64.4 hours billed for the federal action should be reduced based on the fact that much of the work in this proceeding was done with standardized forms and documents. *See* Doc. 47. The DOE states that N. L-C.'s attorneys could rely on and copy previous complaints drafted by Ms. Roller's firm. Doc. 47 at 25. Ms. Roller has also confirmed similarity between this case and another her firm worked on. *Id.* The Court agrees with the DOE that 64.4 hours billed for the federal action should be reduced. *See V.W.,* 2022 WL 37052 at *6 (holding 46.7 hours billed at the federal level was reasonable), *relying on, B.B. v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 4255 (VEC) (SDA), 2018 WL 1229732, at *3 (S.D.N.Y. Mar. 8, 2018) (holding 40 hours appropriate for litigating a standard IDEA fee petition); *But see S.J. v. N.Y.C. Dep't of Educ.,* No.12 Civ. 1922 (LGS) (SDA), 2020 WL 6151112, at *6–7 (S.D.N.Y. Oct. 20, 2020), *adopted as modified by* 2021 WL 100501 (holding 56 hours for federal IDEA action reasonable). Therefore, the Court reduces the hours bill in the federal action by twenty percent.

### c.  Costs

N. L-C. seeks reimbursement for expenses totaling $1,151.75, including $250.00 for travel, $134.25 for copying, and $400 in filing fees, which the DOE argues should be reduced. Doc. 47 at 23 n.10. The DOE acknowledges that photocopying is generally compensable, but at a lower rate of ten cents per page. *Id.* The Court agrees with the DOE that the fee for photocopying should be reduced. *See R.G.,* 2019 WL 4735050, at *6 (reducing printing costs from fifty cents to ten cents per page.). Additionally, the DOE asks that the traveling rate be reduced to a lower rate reflective of half her corrected hourly rate, *id.*, and the Court agrees.

## IV. CONCLUSION

The Court grants the motion for attorneys' fees and costs with the following modifications:  (1) N. L-C.'s senior attorneys, Irina Roller, Benjamin Hinerfeld, and Mary Jo Whateley are entitled to an hourly rate of $400; Maria Mandilas, paralegal, is entitled to an hourly rate of $125; (2) the hours billed by N. L-C. in the federal action are reduced by twenty percent, totaling 51.5 hours; (3) the fee for photocopying is reduced to ten cents per page; (4) the traveling fee will be reduced to half of the corrected hourly rate, $400.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 39, enter judgment, and close the case.

It is SO ORDERED.

Dated:      March 18, 2022
New York, New York

_____
Edgardo Ramos, U.S.D.J.